Appeal from Special Term, New York County.

Action by Edward C. Kindberg against Robert R. Chapman. From an order directing the giving of a further bill of particulars in respect to items in defendant's counterclaim, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Theodore T. Baylor, for appellant.

August Reymert, for respondent.

---

(115 App. Div. 154)

### KINDBERG v. CHAPMAN.

(Supreme Court, Appellate Division, First Department. October 19, 1906.)

REFERENCE—ON COUNTERCLAIM.

Where plaintiff's cause of action on contract for a definite sum is not denied, but defendant sets up a counterclaim, requiring examination of a long account, the cause is referable.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. References, §§ 13–23, 27.]

Appeal from Special Term, New York County.

Action by Edward O. Kindberg against Robert R. Chapman. From an order directing a reference to hear and determine, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Theodore T. Baylor, for appellant.

August Reymert, for respondent.

SCOTT, J. Plaintiff sues to recover the sum of $5,000 upon a promissory note. His claim is not contested, but the defendant, by way of counterclaim, seeks to establish an indebtedness by plaintiff to him in the sum of $6,000. This claim is for moneys said to have been loaned to plaintiff and paid out for his account, mainly in small sums, between October 28th and November 12th. By his bill of particulars defendant shows that his claim embraces some 340 items. The reply to the counterclaim is, in effect, a general denial. From an order of reference granted on plaintiff's motion, defendant appeals. The cause of action set up by the counterclaim would undoubtedly justify a compulsory order of reference, if embodied in a complaint, and while it is the general rule that, if a plaintiff sues upon a contract for a definite sum of money, or for damages ex contractu, and his cause of action be gainsaid by the defendant, the cause is not referable, notwithstanding anything which the defendant may set up in his answer; yet if, as in the present case, the plaintiff's claim is not gainsaid, and the defendant sets up a counterclaim which requires the examination of a long account, then the cause is referable. Stock v. Col. Fuel & Iron Co., 142 N. Y. 236, 37 N. E. 1, 25 L. R. A. 67.

Order affirmed, with $10 costs and disbursements. All concur.